# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 12-570V
Filed: March 2, 2015
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BARBARA KEIL, | \* | |
| as Personal Representative of the Estate of | \* | |
| MARK DENEEN, Decedent, | \* | |
| | \* | |
| Petitioner, | \* | Attorneys' fees and costs decision based on |
| | \* | stipulation of fact |
| v. | \* | |
| | \* | |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Isaiah R. Kalinowski</u>, Washington, DC, for petitioner.
<u>Justine E. Walters</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 2, 2015, the parties filed a stipulation of fact in which they agreed on an appropriate amount for attorneys' fees and costs in this case.

Petitioner submitted her request for attorneys' fees and costs to respondent. During informal discussions, respondent raised objections to certain aspects of petitioner's application.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.  When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Based on these objections, petitioner amends her application for attorneys' fees and costs to request $34,440.73. Respondent does not object to this amount. The undersigned finds this amount to be reasonable. Accordingly, the court awards:

a. **$30,260.49**, representing reimbursement for attorneys' fees and costs incurred by petitioner's Vaccine Program counsel. The award shall be in the form of a check payable jointly to petitioner and Maglio, Christopher, & Toale, P.A.;

b. **$3,694.24**, representing reimbursement for attorneys' fees and costs incurred by Estate attorneys, Tarrant & Liska, P.L.L.C. The award shall be in the form of a check payable jointly to petitioner and Tarrant & Liska, P.L.L.C., 1539 Grand Avenue, Saint Paul, Minnesota 55105-2229; and

c. **$486.00**, representing reimbursement for costs incurred by Mr. Magio Madjerec to arrange for the creation of the Estate. The award shall be in the form of a check payable to petitioner as legal representative of the Estate of Mark Deneen. Petitioner agrees to reimburse Mr. Magio Madjerec, 523 Jackson Street, Apartment 35, Saint Paul, Minnesota 55101-2467, the full amount of $486.00.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>March 2, 2015</u>                                                                 <u>s/ Laura D. Millman</u>
                                                                                                                  Laura D. Millman
                                                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.